

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 8, 1966

Mr. Tom Blackwell
District Attorney
Travis County
Austin, Texas

Opinion No. C-752

Re: Whether the Commissioner's
Court can discontinue a
public road if the road ex-
tends through land owned by
the Lower Colorado River
Authority

Dear Mr. Blackwell:

We refer to your letter requesting our opinion on the
captioned matter, from which we quote in part:

"FACTS: An application has been made to
the Commissioner's Court of Travis County
requesting it to discontinue and vacate a
pre-existing public road across private pro-
perty and across LCRA land to a ford on the
Colorado River.

"QUESTION: Can the Commissioner's Court
discontinue and vacate a public road which
has ceased to be used for many years, if the
road extends through land covered by the
Lower Colorado River Authority?"

You ask whether the Commissioner's Court can "discontinue
and vacate" a public road. Article 2351 of Vernon's Civil
Statutes in specifying certain powers provides, in part, that
each Commissioner's Court shall,

"3. Lay out and establish, change and dis-
continue public roads and highways."

Under this authority the Commissioner's Court can
"discontinue" a public road, and this opinion is written upon
the premise that you use the terms "discontinue" and "vacate"
synonymously, and that they mean a discontinuance of the
county maintenance and not a physical closing of same.

Article 6703 of Vernon's Civil Statutes provides, in part,
as follows:

Mr. Tom Blackwell, page 2, (C- 752)

> "The Commissioners Court shall order the
> laying out and opening of public roads when
> necessary, and discontinue or alter any road
> whenever it shall be deemed expedient."

Article 6705, Vernon's Civil Statutes, provides for notice
and other prerequisites to such road discontinuance which must
be adhered to by the Commissioner's Court in the exercise of
the powers granted under the Article 6703.

Your request further makes reference to a possible con-
flict with Article 8280-107, Sec. 15, Vernon's Civil Statutes,
which, in limiting the powers of the Lower Colorado River
Authority, provides, in part, as follows:

> "All public rights-of-way now traversing the
> areas to be flooded by the impounded waters
> shall remain open as a way of free public pass-
> age to and from the lakes created and no charge
> shall ever be made to the public for the right
> to engage in hunting, fishing, boating or swim-
> ming thereon."

It is the opinion of this office that the quoted portion
of Article 8280-107 is addressed to the Lower Colorado River
Authority; but it is in no way intended to limit the power of
the Commissioner's Court under Articles 6703 or 6705.

You made further reference to the applicability of
Article 6703a, Vernon's Civil Statutes. This Article per-
tains to the termination of certain rights of the public in
roads under given fact situations. It operates independently
of any action of the Commissioner's Court and this office is
of the opinion that said Article does not limit the powers of
the Commissioner's Court under Article 6703, and Article 6705,
and would in no way alter the opinion herein expressed.

It is therefore the opinion of this office that the Com-
missioner's Court of Travis County under the powers granted
in Article 6703 may discontinue the road upon compliance with
the terms and provisions thereof, unaffected by the provisions
of Article 8280-107, Sec. 15, or Article 6703a.

## SUMMARY

A Commissioner's Court may discontinue a public
road under the authority of Article 6703 and Article

Mr. Tom Blackwell, page 3, (C- 752)

6705, V.C.S.; this power does not conflict with, nor is it limited by Article 6703a or Sec. 15 of Article 8280-107, V.C.S.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: *James A. Evans*
JAMES A. EVANS
Assistant Attorney General

JAE:bp

APPROVED
OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
J. Arthur Sandlin
John Reeves
Marvin Sentell

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright